UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANILO PERALTA                                                      CIVIL ACTION

VERSUS                                                              No. 10-4322

EPIC DIVING & MARINE SERVICES,                                      SECTION "I"
LLC

ORDER

Before the Court is a motion[1] for partial summary judgment filed by defendant, Epic Diving & Marine Services, LLC ("Epic Diving"). Plaintiff, Danilo Peralta ("Peralta"), opposes[2] the motion.

Peralta was employed with Epic Diving as a Jones Act seaman aboard the M/V EXPLORER on September 2, 2010, when he allegedly injured his knee.[3] Thereafter he initiated the above-captioned matter by filing his complaint with this Court on November 15, 2010, claiming that Epic Diving's negligence and the unseaworthy condition of the M/V EXPLORER caused his injuries.[4] Peralta also maintains that Epic Diving has a duty to provide him with

---

[1] R. Doc. No. 34. The Court has once denied Epic Diving's motion for partial summary judgment, regarding the same issue, because Epic Diving failed to provide the Court with sufficient admissible summary judgment evidence. *See* R. Doc. No. 29. The Court's previous order expressed no opinion on the motion's merits.

[2] R. Doc. No. 36.

[3] R. Doc. No. 1, ¶ XII. Peralta also alleges in his complaint that he injured his elbow on June 13, 2010, while aboard the M/V EXPLORER. R. Doc. No. 1, ¶ V. Epic Diving's motion, and consequently, this Court's order, does not address that purported injury.

[4] R. Doc. No. 1.

maintenance and cure benefits from the date of his injury until he reaches maximum medical improvement.[5]

In its motion for partial summary judgment, Epic Diving argues, pursuant to the *McCorpen* doctrine, that it does not owe Peralta maintenance and cure benefits for his alleged 2010 knee injury because he did not disclose a 2001 knee injury, for which he underwent surgery, on a pre-employment medical questionnaire completed May 13, 2010.[6] *See McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547, 548-50 (5th Cir. 1968). Peralta responds that this questionnaire was actually completed several years after he was hired.[7] Accordingly, Peralta argues, Epic Diving cannot establish that it is entitled to a *McCorpen* defense and he urges this Court to deny the motion for partial summary judgment.[8]

In order to succeed on a *McCorpen* defense, a defendant employer must show that:

(1) the claimant intentionally misrepresented or concealed medical facts;

(2) the non-disclosed facts were material to the employer's decision to hire the claimant; and

(3) a connection exists between the withheld information and the injury complained of in the lawsuit.

*Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005) (citing *McCorpen*, 396 F.2d at 548-49).

The U.S. Fifth Circuit Court of Appeals distinguishes between nondisclosure and concealment of a pre-existing medical condition. *Jauch v. Nautical Services, Inc.*, 470 F.3d 207,

---

[5] R. Doc. No. 1, ¶ VIII.

[6] R. Doc. No. 34, p. 1.

[7] R. Doc. No. 36, p. 4.

[8] R. Doc. No. 36, p. 5.

212 (5th Cir. 2006). "If a vessel owner does not require a pre-employment medical examination or interview, a seaman must disclose his condition 'when in [the seaman's] own opinion the shipowner would consider it a matter of importance.' " *Id.* (footnote omitted). "If, however, the vessel owner does require the seaman to submit to medical examination as part of its hiring process, a seaman who misrepresents or conceals any material medical facts, disclosure of which is plainly desired, risks forfeiture of his maintenance and cure benefits." *Id.* (footnote omitted).

The timing of Peralta's hiring *vis-à-vis* the May 13, 2010 questionnaire, wherein he allegedly concealed information about his previous injury and surgery, is crucial to the resolution of Epic Diving's *McCorpen* defense. Epic Diving argues that this examination was a "pre-employment medical history questionnaire."[9] Though Epic Diving does not state the exact date on which Peralta was allegedly hired, the motion implies that he was hired after May 13, 2010.[10] Epic Diving contends that Peralta intentionally concealed his previous knee injury and surgery.

Peralta has provided the Court with an affidavit wherein he swears that Epic Diving hired him on June 9, 2008 – a date nearly two years before he completed the May 13, 2010 questionnaire.[11] He maintains that, at the time he was hired, *i.e.*, June 9, 2008, he believed in good faith that his knee injury would not prevent him from performing his job duties for Epic Diving.[12] *See Jauch*, 470 F.3d at 212. Consequently, Peralta concludes he did not have to disclose the prior injury/surgery to the defendant. *See id.*

---

[9] R. Doc. No. 34-1, p. 6.

[10] *See, e.g.*, R. Doc. No. 34-1, p. 8: "Defendant Epic Diving required a medical examination and medical history as part of the hiring process. Plaintiff forfeited maintenance and cure benefits by misrepresenting his medical history [on the May 13, 2010 questionnaire] and concealing medical facts which were requested by the employer and material to the hiring decision."

[11] R. Doc. No. 36-3, p. 1.

[12] R. Doc. No. 36, p. 4.

On summary judgment the Court must construe all facts in Peralta's favor as the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S.Ct. 1545, 143 L.Ed.2d 731 (1999). Assuming, for the purposes of this motion, that Peralta was in fact hired on June 9, 2008, the May 13, 2010 questionnaire *could not* have been completed as part of the hiring process. If Peralta's allegation is correct, it follows that he did not intentionally conceal material medical information from Epic Diving as part of the hiring process.

As a result, given the conflicting evidence before the Court, Epic Diving cannot establish the requisite elements of its *McCorpen* defense at this time. Because the Court finds that genuine issues of material fact exist with respect to when Epic Diving hired Peralta, summary judgment is not appropriate.

Accordingly,

**IT IS ORDERED** that the motion for partial summary judgment is **DENIED WITHOUT PREJUDICE** to Epic Diving's right to reurge the matter at trial or in an appropriate post-trial motion.

New Orleans, Louisiana, March 15, 2012.

                                                          **LANCE M. AFRICK**
                                         **UNITED STATES DISTRICT JUDGE**