UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANILO PERALTA                                CIVIL ACTION

VERSUS                                        No. 10-4322

EPIC DIVING & MARINE SERVICES,                SECTION "I"
LLC

# ORDER

Before the Court is a motion[1] for partial summary judgment filed by defendant, Epic Diving & Marine Services, LLC ("Epic Diving"). Plaintiff, Danilo Peralta ("Peralta"), opposes[2] the motion. For the following reasons, the motion is **DENIED**.

## *BACKGROUND*

Peralta was employed with Epic Diving as a Jones Act seaman aboard the M/V EXPLORER on September 2, 2010, when he allegedly injured his knee.[3] Thereafter he initiated the above-captioned matter by filing his complaint with this Court on November 15, 2010, claiming that Epic Diving's negligence and the unseaworthy condition of the M/V EXPLORER caused his injuries.[4] Peralta also maintains that Epic Diving has a duty to provide him with

---

[1] R. Doc. No. 46. The Court has twice denied Epic Diving's motion for partial summary judgment regarding the same issue. *See* R. Doc. Nos. 29 and 44. However, at no time has the Court expressed any opinion on the merits of the motion sand the Court has granted Epic Diving leave to reurge any appropriate motion on the matter.

[2] R. Doc. No. 47.

[3] R. Doc. No. 1, ¶ XII. Peralta also alleges in his complaint that he injured his elbow on June 13, 2010, while aboard the M/V EXPLORER. R. Doc. No. 1, ¶ V. Epic Diving's motion and this Court's order do not address that purported injury.

[4] R. Doc. No. 1.

maintenance and cure benefits from the date of his injury until he reaches maximum medical improvement.[5]

Epic Diving hired Peralta on June 9, 2008.[6] On June 11, 2008, Peralta underwent a medical examination at Westbank Industrial Medicine. At that exam, Peralta completed a "general physical form" which asked whether he had ever suffered any knee or leg injuries. Peralta circle "N" for "no."[7] The form further inquired whether Peralta had ever undergone any "operations." In response, he answered "None."[8]

In its third motion for partial summary judgment, Epic Diving again argues, pursuant to the *McCorpen* doctrine, that it does not owe Peralta maintenance and cure benefits for his alleged 2010 knee injury because he did not disclose his 2001 knee injury, for which he underwent surgery, on his June 11, 2008 pre-employment medical questionnaire.[9] *See McCorpen v. Cent.*

---

[5] R. Doc. No. 1, ¶ VIII.

[6] The parties agree that Peralta began his employment with Epic Diving on June 9, 2008. *See* R. Doc. Nos. 46, p.1 and 47, p. 4.

[7] R. Doc. No. 46-2, p. 9.

[8] R. Doc. No. 46-2, p. 9. Peralta has provided the Court with an affidavit wherein he swears that he "do[es] not recall filling out an intake form" at this exam. R. Doc. No. 47-3. Sharon Estopinal, Epic Diving's director of business services, likewise swears by affidavit the exhibit is a true and correct copy of the form that Epic Diving "received from [the medical facility] as part of Plaintiff's hiring process in June 2008." R. Doc. No. 46-2, p. 2. Peralta does not challenge the authenticity or admissibility of the exhibit.

[9] This Court denied Epic Diving's second motion for partial summary judgment because the movant mistakenly submitted a 2010 questionnaire, rather than the 2008 questionnaire, and argued that the 2010 questionnaire was completed *pre-employment*. Because the parties appeared to dispute the date that Peralta was hired, and because the date was a material fact that precluded the entry of summary judgment, the Court denied the motion, stating:

> The timing of Peralta's hiring *vis-à-vis* the May 13, 2010 questionnaire, wherein he allegedly concealed information about his previous injury and surgery, is crucial to the resolution of Epic Diving's *McCorpen* defense. Epic Diving argues that this examination was a "pre-employment medical history questionnaire." Though Epic Diving does not state the exact date on which Peralta was allegedly hired, the motion implies that he was hired after May 13, 2010. Epic Diving contends that Peralta intentionally concealed his previous knee injury and surgery.

2

*Gulf S.S. Corp.*, 396 F.2d 547, 548-50 (5th Cir. 1968). First, Peralta responds that because he was hired on June 9, 2008, and because the medical examination occurred on June 11, 2008, *after* he was hired, he could not have "conceal[ed]" his medical history in order to obtain employment with Epic Diving.[10] Second, Peralta asserts that as he was not required to undergo a pre-employment medical examination, his medical history was not material to Epic Diving's decision to hire him.[11] Third, Peralta argues that there is no causal link between his prior injury and the knee injury at issue in this matter.[12] Finally, Peralta contends that because he believed "in good faith," that he was able to physically perform the duties of his job with Epic Diving, he is entitled to maintenance and cure for his 2010 knee injury.[13] Accordingly, Peralta argues, Epic Diving cannot establish that it is entitled to a *McCorpen* defense and he urges this Court to deny the motion for partial summary judgment.

---

> Peralta has provided the Court with an affidavit wherein he swears that Epic Diving hired him on June 9, 2008 – a date nearly two years before he completed the May 13, 2010 questionnaire. He maintains that, at the time he was hired, *i.e.*, June 9, 2008, he believed in good faith that his knee injury would not prevent him from performing his job duties for Epic Diving. *See Jauch*, 470 F.3d at 212. Consequently, Peralta concludes he did not have to disclose the prior injury/surgery to the defendant. *See id.*
>
> On summary judgment the Court must construe all facts in Peralta's favor as the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S.Ct. 1545, 143 L.Ed.2d 731 (1999). Assuming, for the purposes of this motion, that Peralta was in fact hired on June 9, 2008, the May 13, 2010 questionnaire *could not* have been completed as part of the hiring process. If Peralta's allegation is correct, it follows that he did not intentionally conceal material medical information from Epic Diving as part of the hiring process.

*See* R. Doc. No. 44, pp. 3-4 (footnotes omitted).

[10] R. Doc. No. 47, p. 2.

[11] R. Doc. No. 47, p. 2.

[12] R. Doc. No. 47, pp. 4-5.

[13] R. Doc. No. 47, pp. 4-5.

## *LAW AND ANALYSIS*

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact.  Fed. R. Civ. P. 56(c).  The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Celotex*, 477 U.S. at 323; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The showing of a genuine issue is not satisfied by creating " 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue.  *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving

4

party's] favor." *Id.* at 255; *see Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S.Ct. 1545, 143 L.Ed.2d 731 (1999).

In order to succeed on its *McCorpen* defense, Epic Diving, as the defendant employer, must demonstrate that:

> (1) the claimant intentionally misrepresented or concealed medical facts;
>
> (2) the non-disclosed facts were material to the employer's decision to hire the claimant; and
>
> (3) a connection exists between the withheld information and the injury complained of in the lawsuit.

*Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005) (citing *McCorpen*, 396 F.2d at 548-49).

The U.S. Fifth Circuit Court of Appeals distinguishes between nondisclosure and concealment of a pre-existing medical condition. *Jauch v. Nautical Services, Inc.*, 470 F.3d 207, 212 (5th Cir. 2006). "If a vessel owner does not require a pre-employment medical examination or interview, a seaman must disclose his condition 'when in [the seaman's] own opinion the shipowner would consider it a matter of importance.' " *Id.* (footnote omitted). "If, however, the vessel owner does require the seaman to submit to a medical examination as part of its hiring process, a seaman who misrepresents or conceals any material medical facts, disclosure of which is plainly desired, risks forfeiture of his maintenance and cure benefits." *Id.* (footnote omitted).

Peralta argues that he was not required to undergo a pre-employment medical examination and, consequently, the issue before the Court is whether he believed, in good faith, that he was or was not required to disclose his prior knee injury to Epic Diving. Peralta has submitted an affidavit wherein he swears that he never intentionally concealed his prior injury.

Epic Diving contends that the June 11, 2008 medical examination was a pre-employment physical and that if Peralta had disclosed his 2001 injury during the physical, "he would have been required to pass a job specific functional capacity evaluation before being cleared for employment."[14] However, both parties state that Peralta's employment with Epic Diving began on June 9, 2008 – three days *before* the medical examination.[15] Epic Diving has not provided the Court with any competent summary judgment evidence that his employment was conditioned upon successful completion of such medical examination.[16] Consequently, the Court cannot resolve this genuine issue of material fact and summary judgment is improper at this time.

The Court observes that if Epic Diving can establish at trial by competent evidence that Peralta was hired on June 9, 2008, subject to the condition that he complete a medical examination, then the factfinder must consider the June 11, 2008 medical examination as part of the pre-employment process. Accordingly, the issue for the jury would then be whether Peralta "misrepresent[ed] or conceal[ed] any material medical facts, disclosure of which [was] plainly desired." *Jauch*, 470 F.3d at 212. As the Fifth Circuit noted in *Brown*, "*McCorpen*'s intentional concealment prong neither necessarily turns on credibility nor requires a subjective determination." *Brown*, 410 F.3d at 175. Consequently, "the issue for [the jury] is not whether [Peralta] believed in good faith he was fit for duty[,] but whether he was guilty of the kind of

---

[14] R. Doc. No. 46-1, p. 7.

[15] *See supra* n.6. Peralta's employment agreement also states that he would "begin working for [Epic Diving] on (date) 06/09/08." R. Doc. No. 46-2, p. 7.

[16] The Court reviewed Peralta's employment agreement, which states that Peralta "certifies that all facts presented an/or statements made to [Epic Diving] regarding his/her employment or personal background as part of the interview or pre-employment process are true and complete to the best of his/her knowledge." R. Doc. No. 46-2, p. 7. The agreement does not define the term "pre-employment process." Given that the June 11, 2008 medical examination post-dates Peralta's June 9, 2008 hiring date, the Court cannot conclude as a matter of law that the medical examination was part of the "pre-employment process" – a genuine issue of material fact which precludes entry of summary judgment in favor of Epic Diving.

intentional concealment of disabling illness that precludes an award of maintenance." *Brown*, 410 F.3d at 174 (quoting *McCorpen*, 396 F.2d at 549).

## *CONCLUSION*

Accordingly,

**IT IS ORDERED** that the motion for partial summary judgment is **DENIED WITHOUT PREJUDICE** to Epic Diving's right to reurge the matter at trial or in an appropriate post-trial motion.

New Orleans, Louisiana, May 14, 2012.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**