**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DANILO PERALTA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-4322** |
| **EPIC DIVING & MARINE SERVICES, LLC** | **SECTION "I"** |

## INSTRUCTIONS TO THE JURY

YOU HAVE HEARD THE EVIDENCE IN THIS CASE. I WILL NOW INSTRUCT YOU ON THE LAW THAT YOU MUST APPLY. OF COURSE, YOU MUST NOT SINGLE OUT ONE INSTRUCTION, BUT YOU MUST FOLLOW AND APPLY ALL INSTRUCTIONS OF LAW AS A WHOLE IN CONSIDERING AND DECIDING THIS CASE.

IT IS YOUR DUTY TO FOLLOW THE LAW AS I GIVE IT TO YOU. ON THE OTHER HAND, YOU, THE JURY, ARE THE JUDGES OF THE FACTS. DO NOT CONSIDER ANY STATEMENT THAT I HAVE MADE IN THE COURSE OF TRIAL OR MAKE IN THESE INSTRUCTIONS AS AN INDICATION THAT I HAVE ANY OPINION ABOUT THE FACTS OF THIS CASE.

YOU HAVE HEARD THE CLOSING ARGUMENTS OF THE ATTORNEYS. STATEMENTS, ARGUMENTS, AND DEMONSTRATIVE AIDS OF THE ATTORNEYS ARE NOT EVIDENCE AND ARE NOT INSTRUCTIONS ON THE LAW. THEY ARE INTENDED ONLY TO ASSIST THE JURY IN UNDERSTANDING THE EVIDENCE AND THE PARTIES' CONTENTIONS.[1]

THE PLAINTIFF IN THIS CASE IS DANILO PERALTA ("PLAINTIFF"). THE DEFENDANT IS HIS FORMER EMPLOYER, EPIC DIVING & MARINE SERVICES, LLC ("DEFENDANT").

---

[1] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 3.1 (2009).

THIS CASE CONCERNS ISSUES OF NEGLIGENCE UNDER THE JONES ACT, SEAWORTHINESS OF THE VESSEL M/V EXPLORER AND WHETHER THE PLAINTIFF IS ENTITLED TO MAINTENANCE AND CURE FOR HIS ALLEGED KNEE INJURY.

**BURDEN OF PROOF**

THE BURDEN OF PROOF IS ON THE PLAINTIFF IN A CIVIL ACTION, SUCH AS THIS ONE, TO PROVE EVERY ESSENTIAL ELEMENT OF EVERY CLAIM BY A PREPONDERANCE OF THE EVIDENCE. A "PREPONDERANCE OF THE EVIDENCE" SIMPLY MEANS EVIDENCE THAT PERSUADES YOU THAT THE PLAINTIFF'S CLAIMS ARE MORE LIKELY TRUE THAN NOT TRUE. BY THIS IS MEANT THE GREATER WEIGHT AND DEGREE OF CREDIBLE OR BELIEVABLE EVIDENCE BEFORE YOU. IF THE PROOF SHOULD FAIL TO ESTABLISH ANY ESSENTIAL ELEMENT OF THE PLAINTIFF'S CLAIMS BY A PREPONDERANCE OF THE EVIDENCE, THEN YOU SHOULD FIND FOR THE DEFENDANT AS TO THAT CLAIM.

IN DETERMINING WHETHER ANY FACT HAS BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE IN THIS CASE, YOU MAY CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.[2]

[2] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 2.20 (2009).

**OBJECTIONS**

DURING THE COURSE OF TRIAL YOU MAY HAVE HEARD OBJECTIONS TO EVIDENCE. IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE THAT THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE ACCORDING TO LAW. YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE OF THE MAKING OF AN OBJECTION.

UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED OVER THE OBJECTION OF AN ATTORNEY, THE COURT DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF SUCH EVIDENCE.

WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, THE JURY MUST DISREGARD THE QUESTION ENTIRELY AND MAY DRAW NO INFERENCE FROM THE WORDING OF IT OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THE QUESTION.

**THE COURT'S QUESTIONS TO WITNESSES**

DURING THE COURSE OF THE TRIAL I MAY HAVE ASKED A QUESTION OF A WITNESS. SUCH QUESTIONS DO NOT INDICATE THAT I HAVE ANY OPINION ABOUT THE FACTS OF THE CASE. NOTHING I HAVE SAID OR DONE SHOULD LEAD YOU TO BELIEVE THAT I HAVE ANY OPINION ABOUT THE FACTS, NOR BE TAKEN AS INDICATING WHAT YOUR VERDICTS SHOULD BE.

**BIAS – CORPORATE PARTY INVOLVED**

DO NOT LET BIAS, PREJUDICE OR SYMPATHY PLAY ANY PART IN YOUR DELIBERATIONS. A CORPORATION AND ALL OTHER PERSONS ARE EQUAL BEFORE THE LAW AND MUST BE TREATED AS EQUALS IN A COURT OF JUSTICE.

ANY EVIDENCE OR ANY SUSPICION ON YOUR PART THAT ANY PARTY TO THIS LAWSUIT MAY OR MAY NOT BE COVERED IN WHOLE OR IN PART BY INSURANCE IS NOT TO BE CONSIDERED BY YOU IN ANY RESPECT WHATSOEVER IN DETERMINING THE QUESTION OF LIABILITY IN THIS MATTER.[3]

[3] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 2.13 (2009).

## CONSIDERATION OF THE EVIDENCE

YOU MUST CONSIDER ONLY THE EVIDENCE IN THIS CASE. HOWEVER, YOU MAY DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE. YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO MAKE FROM THE FACTS ESTABLISHED BY THE TESTIMONY AND EVIDENCE.

THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT FOR THE PROOF OF ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL THE OTHER EVIDENCE YOU BELIEVE THAT SINGLE WITNESS.

THERE ARE TWO TYPES OF EVIDENCE YOU MAY CONSIDER. ONE IS DIRECT EVIDENCE – SUCH AS TESTIMONY OF AN EYEWITNESS. THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE – THE PROOF OF CIRCUMSTANCES THAT TEND TO PROVE OR DISPROVE THE EXISTENCE OR NONEXISTENCE OF CERTAIN OTHER FACTS. THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT YOU FIND THE FACTS FROM A PREPONDERANCE OF ALL THE EVIDENCE, BOTH DIRECT AND CIRCUMSTANTIAL.[4]

[4] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 2.18 (2009).

## EXPERT WITNESSES

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD – CALLED AN EXPERT WITNESS – IS PERMITTED TO STATE HIS OPINION ON THOSE TECHNICAL MATTERS. HOWEVER, YOU ARE NOT REQUIRED TO ACCEPT THAT OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY UPON IT.

IN DECIDING WHETHER TO ACCEPT OR RELY UPON THE OPINION OF AN EXPERT WITNESS, YOU MAY CONSIDER ANY BIAS OF THE WITNESS, INCLUDING ANY BIAS YOU MAY INFER FROM EVIDENCE THAT THE EXPERT WITNESS HAS BEEN OR WILL BE PAID FOR REVIEWING THE CASE AND TESTIFYING OR THAT HE TESTIFIES REGULARLY AS AN EXPERT WITNESS AND HIS INCOME FROM SUCH TESTIMONY REPRESENTS A SIGNIFICANT PORTION OF HIS INCOME.[5]

[5] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 2.19 (2009).

**DEPOSITION TESTIMONY**

CERTAIN TESTIMONY HAS BEEN PRESENTED TO YOU THROUGH A DEPOSITION. A DEPOSITION IS THE SWORN, RECORDED ANSWERS TO QUESTIONS ASKED A WITNESS IN ADVANCE OF THE TRIAL. UNDER SOME CIRCUMSTANCES, IF A WITNESS CANNOT BE PRESENT TO TESTIFY FROM THE WITNESS STAND, THAT WITNESS' TESTIMONY MAY BE PRESENTED, UNDER OATH, IN THE FORM OF A DEPOSITION. SOME TIME BEFORE THIS TRIAL, ATTORNEYS REPRESENTING THE PARTIES IN THIS CASE QUESTIONED THIS WITNESS UNDER OATH. A COURT REPORTER WAS PRESENT AND RECORDED THE TESTIMONY. THE QUESTIONS AND ANSWERS HAVE BEEN SHOWN TO YOU OVER THE PAST SEVERAL HOURS. THIS DEPOSITION TESTIMONY IS ENTITLED TO THE SAME CONSIDERATION AND IS TO BE JUDGED BY YOU AS TO CREDIBILITY AND WEIGHED AND OTHERWISE CONSIDERED BY YOU INSOFAR AS POSSIBLE IN THE SAME WAY AS IF THE WITNESS HAD BEEN PRESENT AND HAD TESTIFIED FROM THE WITNESS STAND IN COURT.[6]

[6] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 2.23 (2009).

**DEMONSTRATIVE EVIDENCE**

CERTAIN EXHIBITS ARE ILLUSTRATIONS. SUCH EXHIBITS ARE A PARTY'S DESCRIPTION, PICTURE OR MODEL TO DESCRIBE SOMETHING INVOLVED IN THIS TRIAL. IF YOUR RECOLLECTION OF THE EVIDENCE DIFFERS FROM THE EXHIBIT, RELY ON YOUR RECOLLECTION.[7]

[7] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 2.8 (2009).

**IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS**

IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A WITNESS, YOU SHOULD ASK YOURSELF WHETHER THERE WAS EVIDENCE TENDING TO PROVE THAT THE WITNESS TESTIFIED FALSELY ABOUT SOME IMPORTANT FACT, OR, WHETHER THERE WAS EVIDENCE AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO SAY OR DO SOMETHING, THAT WAS DIFFERENT FROM THE TESTIMONY HE GAVE AT THE TRIAL.

YOU SHOULD REMEMBER THAT A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE TRUTH. PEOPLE MAY TEND TO FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. IF A WITNESS HAS MADE A MISSTATEMENT, YOU MUST CONSIDER WHETHER IT WAS SIMPLY AN INNOCENT LAPSE OF MEMORY OR AN INTENTIONAL FALSEHOOD, AND THAT MAY DEPEND UPON WHETHER IT CONCERNS AN IMPORTANT FACT OR AN UNIMPORTANT DETAIL.[8]

[8] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 2.16 (2009).

**DESCRIPTION OF PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES**

PLAINTIFF BRINGS CLAIMS RELATED TO TWO SEPARATE INCIDENTS IN THIS LAWSUIT. IN THE FIRST INCIDENT, PLAINTIFF CLAIMS TO HAVE INJURED HIS ELBOW. THESE INSTRUCTIONS REFER TO THIS ALLEGED INJURY AS THE "**ELBOW INJURY**." IN THE SECOND INCIDENT, PLAINTIFF CLAIMS TO HAVE INJURED HIS KNEE. THESE INSTRUCTIONS REFER TO THIS ALLEGED INJURY AS THE "**KNEE INJURY**."

PLAINTIFF CLAIMS THAT ON JUNE 13, 2010, HE WAS WORKING IN THE ENGINE ROOM OF THE M/V EXPLORER WHEN A RUSTED VALVE BURST AND HIT HIM IN THE ELBOW. PLAINTIFF ALLEGES THAT THE DEFENDANT, PLAINTIFF'S EMPLOYER AND OWNER OF THE M/V EXPLORER, WAS NEGLIGENT UNDER THE JONES ACT FOR NOT CORRECTING THE BROKEN VALVE PROBLEM BEFORE IT BROKE AND INJURED THE PLAINTIFF. PLAINTIFF ALSO CLAIMS THAT THE CONDITION OF THE VALVE RENDERED THE M/V EXPLORER UNSEAWORTHY.

PLAINTIFF CLAIMS THAT THE SECOND INCIDENT OCCURRED ON SEPTEMBER 2, 2010, WHEN THE PLAINTIFF WAS ADDING OIL TO THE ENGINE WHILE THE VESSEL WAS UNDERWAY. IN SO DOING, PLAINTIFF ALLEGES THAT HE INJURED HIS KNEE WHEN HE TWISTED HIS KNEE AND HIT AN ADJACENT PIPE. PLAINTIFF ALLEGES THAT THE BOW THRUSTER HAD BEEN CONSISTENTLY LEAKING OIL BEFORE THIS INCIDENT, REQUIRING HIM TO ADD OIL WHILE THE VESSEL WAS UNDERWAY, WHICH RENDERED THE M/V EXPLORER UNSEAWORTHY. PLAINTIFF FURTHER ALLEGES THAT THE DEFENDANT WAS NEGLIGENT UNDER THE JONES ACT AS HE WAS ORDERED TO ADD OIL TO THE BOW THRUSTER WHILE THE VESSEL WAS UNDERWAY AND THIS WAS AN UNSAFE METHOD OF WORK.

FURTHERMORE, PLAINTIFF CONTENDS THAT AS A SEAMAN, HE WAS ENTITLED TO MAINTENANCE AND CURE RELATED TO HIS KNEE INJURY, BECAUSE HE WAS INJURED WHILE IN THE SERVICE OF THE VESSEL, HE CLAIMS

THAT DEFENDANT UNREASONABLY FAILED TO PROVIDE MAINTENANCE AND CURE BENEFITS TO HIM WHICH CAUSED HIM FURTHER INJURY.

DEFENDANT DENIES THAT IT WAS NEGLIGENT IN ANY WAY OR THAT ITS VESSEL WAS UNSEAWORTHY IN ANY MANNER. DEFENDANT CONTENDS THE PLAINTIFF SUFFERED A MINOR ELBOW INJURY WHEN A WATER LINE VALVE IN THE ENGINE ROOM FAILED. DEFENDANT CONTENDS THE PLAINTIFF WAS ABLE TO RETURN TO WORK IMMEDIATELY WITHOUT ANY RESTRICTIONS AND WITH NO LOSS OF PAY OR BENEFITS.

DEFENDANT DENIES THAT THE PLAINTIFF INJURED HIS KNEE WHILE WORKING ON THE VESSEL AND, ACCORDINGLY, THAT IT DID NOTHING TO CAUSE SUCH ALLEGED INJURY. DEFENDANT CONTENDS PLAINTIFF'S KNEE INJURY WAS A PRE-EXISTING CONDITION THAT THE PLAINTIFF FAILED TO DISCLOSE WHEN HE WAS HIRED, THAT THE NON-DISCLOSURE WAS MATERIAL TO THE HIRING DECISION AND THAT PLAINTIFF'S PRIOR KNEE PROBLEMS ARE CAUSALLY LINKED TO THE KNEE INJURY HE CONTENDS HE SUFFERED IN THIS CASE.

DEFENDANT CONTENDS IT IS NOT RESPONSIBLE FOR MAINTENANCE AND CURE BENEFITS FOR PLAINTIFF'S KNEE CONDITION, THAT ITS NON-PAYMENT OF MAINTENANCE AND CURE FOR THE KNEE WAS REASONABLE, AND THAT THE PLAINTIFF HAS REACHED MAXIMUM CURE WITH RESPECT TO HIS KNEE AND ELBOW INJURIES, WITH NO RESIDUAL IMPAIRMENT RELATED TO HIS EMPLOYMENT WITH DEFENDANT.

IT IS FOR YOU, THE JURY, TO DETERMINE THE FACTS IN THIS CASE FROM THE EVIDENCE PRESENTED TO YOU.

## JONES ACT NEGLIGENCE

TO SUCCEED ON THIS CLAIM, PLAINTIFF MUST PROVE THAT HIS EMPLOYER WAS NEGLIGENT. NEGLIGENCE IS THE DOING OF AN ACT THAT A REASONABLY PRUDENT PERSON WOULD NOT DO, OR THE FAILURE TO DO SOMETHING THAT A REASONABLY PRUDENT PERSON WOULD DO, UNDER THE SAME OR SIMILAR CIRCUMSTANCES. THE OCCURRENCE OF AN ACCIDENT, STANDING ALONE, DOES NOT MEAN ANYONE'S NEGLIGENCE CAUSED THE ACCIDENT.

IN A JONES ACT CLAIM, THE WORD "NEGLIGENCE" IS GIVEN A LIBERAL INTERPRETATION. IT INCLUDES ANY BREACH OF DUTY THAT AN EMPLOYER OWES TO HIS EMPLOYEES WHO ARE SEAMEN, INCLUDING THE DUTY OF PROVIDING FOR THE SAFETY OF THE CREW.

UNDER THE JONES ACT, IF THE EMPLOYER'S NEGLIGENT ACT CAUSED THE PLAINTIFF'S INJURY, IN WHOLE OR IN PART, THEN YOU MUST FIND THAT THE EMPLOYER IS LIABLE UNDER THE JONES ACT.

NEGLIGENCE UNDER THE JONES ACT MAY CONSIST OF A FAILURE TO COMPLY WITH A DUTY REQUIRED BY LAW. EMPLOYERS OF SEAMEN HAVE A DUTY TO PROVIDE THEIR EMPLOYEES WITH A REASONABLY SAFE PLACE TO WORK. IF YOU FIND THAT THE PLAINTIFF WAS INJURED BECAUSE THE DEFENDANT FAILED TO FURNISH HIM WITH A REASONABLY SAFE PLACE TO WORK, AND THAT THE PLAINTIFF'S WORKING CONDITIONS COULD HAVE BEEN MADE SAFE THROUGH THE EXERCISE OF REASONABLE CARE, THEN YOU MUST FIND THAT THE DEFENDANT WAS NEGLIGENT.

THE FACT THAT THE DEFENDANT CONDUCTED ITS OPERATIONS IN A MANNER SIMILAR TO THAT OF OTHER COMPANIES IS NOT CONCLUSIVE AS TO WHETHER THE DEFENDANT WAS NEGLIGENT OR NOT.

YOU MUST DETERMINE IF THE OPERATION IN QUESTION WAS REASONABLY SAFE UNDER THE CIRCUMSTANCES. THE FACT THAT A CERTAIN PRACTICE HAS BEEN CONTINUED FOR A LONG PERIOD OF TIME DOES NOT

NECESSARILY MEAN THAT IT IS REASONABLY SAFE UNDER ALL CIRCUMSTANCES. A LONG-ACCEPTED PRACTICE MAY BE AN UNSAFE PRACTICE. HOWEVER, A PRACTICE IS NOT NECESSARILY UNSAFE OR UNREASONABLE MERELY BECAUSE IT INJURES SOMEONE.

THE OWNER OF A VESSEL HAS A DUTY TO SUPERVISE THE WORK OF SEAMEN UNDER HIS COMMAND. IN ADDITION, HE MUST WARN A SEAMAN OF ALL IMPENDING DANGERS OF WHICH HE IS OR SHOULD BE AWARE.[9] A SEAMAN'S EMPLOYER IS LEGALLY RESPONSIBLE FOR THE NEGLIGENCE OF ONE OF HIS EMPLOYEES WHILE THAT EMPLOYEE IS ACTING WITHIN THE COURSE AND SCOPE OF HIS EMPLOYMENT.

IF YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANT ASSIGNED THE PLAINTIFF TO PERFORM A TASK THAT THE PLAINTIFF WAS NOT ADEQUATELY TRAINED TO PERFORM, YOU MUST FIND THAT THE DEFENDANT WAS NEGLIGENT.[10]

---

[9] *Stevens v. Seacoast Co., Inc.*, 414 F.2d 1032 (5th Cir. 1969).
[10] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 4.4 (2009).

**UNSEAWORTHINESS**

THE PLAINTIFF ALSO SEEKS DAMAGES FOR PERSONAL INJURIES THAT HE CLAIMS WERE CAUSED BY THE UNSEAWORTHINESS OF THE DEFENDANT'S VESSEL, THE M/V EXPLORER.

A SHIPOWNER OWES TO EVERY MEMBER OF THE CREW EMPLOYED ON ITS VESSEL THE ABSOLUTE DUTY TO KEEP AND MAINTAIN THE SHIP, AND ALL DECKS AND PASSAGEWAYS, APPLIANCES, GEAR, TOOLS, AND PARTS AND EQUIPMENT OF THE VESSEL IN A SEAWORTHY CONDITION AT ALL TIMES.

A SEAWORTHY VESSEL IS ONE THAT IS REASONABLY FIT FOR ITS INTENDED USE. THE DUTY TO PROVIDE A SEAWORTHY VESSEL IS ABSOLUTE BECAUSE THE OWNER MAY NOT DELEGATE THAT DUTY TO ANYONE. LIABILITY FOR AN UNSEAWORTHY CONDITION DOES NOT IN ANY WAY DEPEND UPON NEGLIGENCE OR FAULT OR BLAME. IF AN OWNER DOES NOT PROVIDE A SEAWORTHY VESSEL – A VESSEL THAT IS REASONABLY FIT FOR ITS INTENDED USE – NO AMOUNT OF CARE OR PRUDENCE EXCUSES THE OWNER.

THE DUTY TO PROVIDE A SEAWORTHY VESSEL INCLUDES A DUTY TO SUPPLY AN ADEQUATE AND COMPETENT CREW. A VESSEL MAY BE UNSEAWORTHY EVEN THOUGH IT HAS A NUMERICALLY ADEQUATE CREW, IF TOO FEW PERSONS ARE ASSIGNED TO A GIVEN TASK.

HOWEVER, THE OWNER OF A VESSEL IS NOT REQUIRED TO FURNISH AN ACCIDENT FREE SHIP. HE NEED ONLY FURNISH A VESSEL AND ITS APPURTENANCES THAT ARE REASONABLY FIT FOR THEIR INTENDED USE AND A CREW THAT IS REASONABLY ADEQUATE FOR THEIR ASSIGNED TASKS.

THE SHIPOWNER IS NOT REQUIRED TO PROVIDE THE BEST APPLIANCES AND EQUIPMENT, OR THE FINEST OF CREWS, ON HIS VESSEL. HE IS ONLY REQUIRED TO PROVIDE GEAR THAT IS REASONABLY PROPER AND SUITABLE FOR ITS INTENDED USE, AND A CREW THAT IS REASONABLY ADEQUATE.

IN SUMMARY, IF YOU FIND THAT THE OWNER OF THE VESSEL DID NOT PROVIDE AN ADEQUATE CREW OF SUFFICIENT MANPOWER TO PERFORM THE

TASKS REQUIRED, OR IF YOU FIND THAT THE VESSEL WAS IN ANY MANNER UNFIT IN ACCORDANCE WITH THE LAW AS I HAVE JUST EXPLAINED IT TO YOU, AND THAT THIS WAS A PROXIMATE CAUSE OF THE INJURY, A TERM I WILL EXPLAIN TO YOU, THEN YOU MAY FIND THAT THE VESSEL WAS UNSEAWORTHY AND THE SHIPOWNER LIABLE, WITHOUT CONSIDERING ANY NEGLIGENCE ON THE PART OF THE DEFENDANT OR ANY OF ITS EMPLOYEES.

HOWEVER, IF YOU FIND THAT THE OWNER HAD A CAPABLE CREW AND APPLIANCES AND GEAR THAT WERE SAFE AND SUITABLE FOR THEIR INTENDED USE, THEN THE VESSEL WAS NOT UNSEAWORTHY AND THE DEFENDANT IS NOT LIABLE TO THE PLAINTIFF ON THE CLAIM OF UNSEAWORTHINESS.[11]

[11] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 4.5 (2009).

**CAUSATION**

NOT EVERY INJURY THAT FOLLOWS AN ACCIDENT NECESSARILY RESULTS FROM IT. THE ACCIDENT MUST BE THE CAUSE OF THE INJURY. IN DETERMINING CAUSATION, A DIFFERENT RULE APPLIES TO THE JONES ACT CLAIM THAN TO THE UNSEAWORTHINESS CLAIM.

UNDER THE JONES ACT, FOR BOTH THE EMPLOYER'S NEGLIGENCE AND THE PLAINTIFF'S CONTRIBUTORY NEGLIGENCE, AN INJURY OR DAMAGE IS CONSIDERED CAUSED BY AN ACT OR FAILURE TO ACT IF THE ACT OR OMISSION BROUGHT ABOUT OR ACTUALLY CAUSED THE INJURY OR DAMAGE, IN WHOLE OR IN PART.

IN AN UNSEAWORTHINESS CLAIM, THE PLAINTIFF MUST SHOW, NOT MERELY THAT THE UNSEAWORTHY CONDITION WAS A CAUSE OF THE INJURY, BUT THAT SUCH CONDITION WAS A PROXIMATE CAUSE OF IT. THIS MEANS THAT THE PLAINTIFF MUST SHOW THAT THE CONDITION IN QUESTION PLAYED A SUBSTANTIAL PART OR WAS A SUBSTANTIAL FACTOR IN BRINGING ABOUT OR ACTUALLY CAUSING HIS INJURY, AND THAT THE INJURY WAS EITHER A DIRECT RESULT OR A REASONABLY PROBABLE CONSEQUENCE OF THE CONDITION.[12] IN ORDER TO SUCCEED ON ITS DEFENSE THAT PLAINTIFF WAS CONTRIBUTORILY NEGLIGENT WITH RESPECT TO THE UNSEAWORTHINESS CLAIM, THE DEFENDANT LIKEWISE MUST SHOW THAT PLAINTIFF'S NEGLIGENCE WAS A PROXIMATE CAUSE OF HIS ALLEGED INJURIES.[13]

[12] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 4.6 (2009).
[13] *Miles v. Melrose*, 882 F.2d 976 (5th Cir. 1989).

**CONTRIBUTORY NEGLIGENCE**

THE DEFENDANT CONTENDS THAT THE PLAINTIFF WAS NEGLIGENT, AND THAT THE PLAINTIFF'S NEGLIGENCE CAUSED OR CONTRIBUTED TO CAUSING HIS INJURY. THIS IS THE DEFENSE OF CONTRIBUTORY NEGLIGENCE. THE DEFENDANT HAS THE BURDEN OF PROVING THAT THE PLAINTIFF WAS CONTRIBUTORILY NEGLIGENT. IF THE PLAINTIFF WAS GUILTY OF CONTRIBUTORY NEGLIGENCE THAT CONTRIBUTED TO HIS INJURY, HE NEVERTHELESS MAY RECOVER. HOWEVER, THE AMOUNT OF HIS RECOVERY WILL BE REDUCED BY THE EXTENT OF HIS CONTRIBUTORY NEGLIGENCE.

A SEAMAN IS OBLIGATED UNDER THE JONES ACT TO ACT WITH ORDINARY PRUDENCE UNDER THE CIRCUMSTANCES. THE CIRCUMSTANCES OF A SEAMAN'S EMPLOYMENT INCLUDE NOT ONLY HIS RELIANCE ON HIS EMPLOYER TO PROVIDE A SAFE WORK ENVIRONMENT, BUT ALSO HIS OWN EXPERIENCE, TRAINING AND EDUCATION. IN OTHER WORDS, UNDER THE JONES ACT A SEAMAN HAS THE DUTY TO EXERCISE THAT DEGREE OF CARE FOR HIS OWN SAFETY THAT A REASONABLE SEAMAN WOULD EXERCISE IN LIKE CIRCUMSTANCES.

IF YOU FIND THAT THE DEFENDANT WAS NEGLIGENT AND/OR THAT THE VESSEL WAS UNSEAWORTHY AND THAT THE NEGLIGENCE WAS A LEGAL CAUSE AND/OR THAT THE UNSEAWORTHINESS WAS A PROXIMATE CAUSE OF THE PLAINTIFF'S INJURY, BUT YOU ALSO FIND THAT THE ACCIDENT WAS DUE PARTLY TO THE CONTRIBUTORY NEGLIGENCE OF THE PLAINTIFF, THEN YOU MUST DETERMINE THE PERCENTAGE THE PLAINTIFF'S CONTRIBUTORY NEGLIGENCE CONTRIBUTED TO THE ACCIDENT. YOU WILL PROVIDE THIS INFORMATION BY FILLING IN THE APPROPRIATE BLANKS IN THE SPECIAL INTERROGATORIES. DO NOT MAKE ANY REDUCTION IN THE AMOUNT OF DAMAGES THAT YOU AWARD TO THE PLAINTIFF. I WILL REDUCE THE DAMAGES

THAT YOU AWARD BY THE PERCENTAGE OF CONTRIBUTORY NEGLIGENCE THAT YOU ASSIGN TO THE PLAINTIFF.[14]

[14] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 4.7 (2009).

## MAINTENANCE AND CURE

THE PLAINTIFF'S THIRD CLAIM IS THAT, AS A SEAMAN, HE IS ENTITLED TO RECOVER MAINTENANCE AND CURE FOR HIS ALLEGED **KNEE INJURY** WHICH OCCURRED ON SEPTEMBER 2, 2010. PLAINTIFF HAS NOT MADE ANY MAINTENANCE AND CURE CLAIM FOR HIS ALLEGED **ELBOW INJURY**.

THIS CLAIM IS SEPARATE AND INDEPENDENT FROM BOTH THE JONES ACT AND THE UNSEAWORTHINESS CLAIMS OF THE PLAINTIFF. YOU MUST DECIDE THIS CLAIM SEPARATELY FROM YOUR DETERMINATION OF HIS JONES ACT AND UNSEAWORTHINESS CLAIMS.

MAINTENANCE AND CURE IS A SEAMAN'S REMEDY. PLAINTIFF IS A SEAMAN; THUS YOU MUST DETERMINE WHETHER HE IS ENTITLED TO MAINTENANCE AND CURE.

MAINTENANCE AND CURE PROVIDES A SEAMAN, WHO IS DISABLED BY INJURY OR ILLNESS WHILE IN THE SERVICE OF THE SHIP, WITH MEDICAL CARE AND TREATMENT, AND THE MEANS OF MAINTAINING HIMSELF, WHILE RECUPERATING. ANY AMBIGUITIES OR DOUBTS WITH RESPECT TO WHETHER A SEAMAN IS ENTITLED TO MAINTENANCE AND CURE ARE TO BE RESOLVED IN THE SEAMAN'S FAVOR.[15]

A SEAMAN IS ENTITLED TO MAINTENANCE AND CURE EVEN THOUGH HE WAS NOT INJURED AS A RESULT OF ANY NEGLIGENCE ON THE PART OF HIS EMPLOYER OR ANY UNSEAWORTHY CONDITION OF THE VESSEL. TO RECOVER MAINTENANCE AND CURE, THE PLAINTIFF NEED ONLY SHOW THAT HE SUFFERED INJURY OR ILLNESS WHILE IN THE SERVICE OF THE VESSEL ON WHICH HE WAS EMPLOYED AS A SEAMAN, WITHOUT WILLFUL MISBEHAVIOR ON HIS PART. THE INJURY OR ILLNESS NEED NOT BE WORK RELATED, IT NEED ONLY OCCUR WHILE THE SEAMAN IS IN THE SERVICE OF THE SHIP. MAINTENANCE AND CURE MAY NOT BE REDUCED BECAUSE OF ANY NEGLIGENCE ON THE PART OF THE SEAMAN.

---

[15] *Vaughan v. Atkinson*, 369 U.S. 527, 532 (1962).

THE "CURE" TO WHICH A SEAMAN MAY BE ENTITLED INCLUDES THE COST OF MEDICAL ATTENTION, INCLUDING THE SERVICES OF PHYSICIANS AND NURSES AS WELL AS THE COST OF HOSPITALIZATION, MEDICINES AND MEDICAL APPARATUS. HOWEVER, THE EMPLOYER DOES NOT HAVE A DUTY TO PROVIDE CURE FOR ANY PERIOD OF TIME DURING WHICH A SEAMAN IS HOSPITALIZED AT THE EMPLOYER'S EXPENSE.

A SEAMAN IS ENTITLED TO RECEIVE MAINTENANCE AND CURE FROM THE DATE HE LEAVES THE VESSEL UNTIL HE REACHES THE POINT OF WHAT IS CALLED "MAXIMUM CURE." MAXIMUM CURE IS THE POINT AT WHICH NO FURTHER IMPROVEMENT IN THE SEAMAN'S MEDICAL CONDITION IS REASONABLY EXPECTED. THUS, IF IT APPEARS THAT A SEAMAN'S CONDITION IS INCURABLE, OR THAT THE TREATMENT WILL ONLY RELIEVE PAIN BUT WILL NOT IMPROVE A SEAMEN'S PHYSICAL CONDITION, HE HAS REACHED MAXIMUM CURE. THE OBLIGATION TO PROVIDE MAINTENANCE AND CURE USUALLY ENDS WHEN QUALIFIED MEDICAL OPINION IS TO THE EFFECT THAT MAXIMUM POSSIBLE CURE HAS BEEN ACCOMPLISHED.

A SHIPOWNER WHO HAS RECEIVED A CLAIM FOR MAINTENANCE AND CURE IS ENTITLED TO INVESTIGATE THE CLAIM. HOWEVER, IF AFTER INVESTIGATING THE CLAIM, THE SHIPOWNER UNREASONABLY REJECTS THE CLAIM FOR MAINTENANCE AND CURE, HE IS LIABLE FOR BOTH THE MAINTENANCE AND CURE PAYMENTS HE SHOULD HAVE MADE, AND ANY COMPENSATORY DAMAGES CAUSED BY HIS UNREASONABLE FAILURE TO PAY. COMPENSATORY DAMAGES MAY INCLUDE ANY MENTAL AND EMOTIONAL[16] SUFFERING PLAINTIFF EXPERIENCES AS A RESULT OF THE SHIPOWNER'S UNREASONABLE FAILURE TO PROVIDE MAINTENANCE AND CURE OR ANY AGGRAVATION OF THE PLAINTIFF'S CONDITION.

---

[16] *Weeks Marine, Inc. v. Bowman*, 2006 WL 2178514 (E.D. La. July 28, 2006) (Berrigan, J.).

THUS YOU MAY AWARD COMPENSATORY DAMAGES BECAUSE THE SHIPOWNER FAILED TO PROVIDE MAINTENANCE AND CURE IF YOU FIND BY PREPONDERANCE OF THE EVIDENCE THAT:

(1) THE PLAINTIFF WAS ENTITLED TO MAINTENANCE AND CURE;

(2) IT WAS NOT PROVIDED;

(3) THE DEFENDANT ACTED UNREASONABLY IN FAILING TO PROVIDE MAINTENANCE AND CURE; AND

(4) THE FAILURE TO PROVIDE THE MAINTENANCE AND CURE RESULTED IN SOME INJURY TO THE PLAINTIFF.[17]

[17] *Morales v. Garijak, Inc.*, 829 F.2d 1355 (5th Cir. 1987).

## MAINTENANCE AND CURE DEFENSE

MAINTENANCE AND CURE MAY BE AWARDED EVEN WHERE THE SEAMAN HAS SUFFERED FROM AN ILLNESS THAT PRE-EXISTED HIS EMPLOYMENT WITH THE DEFENDANT.[18] HOWEVER, A SEAMAN WILL BE DENIED MAINTENANCE AND CURE IF, IN APPLYING FOR EMPLOYMENT, THE SHIPOWNER REQUIRES A SEAMAN TO SUBMIT TO A PRE-HIRING MEDICAL EXAMINATION OR INTERVIEW AND THE SEAMAN INTENTIONALLY MISREPRESENTS OR CONCEALS MATERIAL MEDICAL FACTS, THE DISCLOSURE OF WHICH IS PLAINLY DESIRED, AND THE MATERIAL MEDICAL INFORMATION IS CAUSALLY LINKED TO THE INJURY WHICH PLAINTIFF SUSTAINED WHILE IN THE SERVICE OF THE SHIP. THIS IS AN AFFIRMATIVE DEFENSE AND THE BURDEN OF PROOF WITH RESPECT TO IT IS ON THE DEFENDANT.

THE DEFENDANT IN THIS CASE ARGUES THAT IT IS ENTITLED TO RELY ON SUCH LEGAL DEFENSE TO DENY MAINTENANCE AND CURE BENEFITS TO PLAINTIFF DUE TO A PRE-EXISTING KNEE INJURY WHICH HE EITHER MATERIALLY MISREPRESENTED OR FAILED TO DISCLOSE TO THE DEFENDANT IN A PRE-HIRING MEDICAL EXAMINATION OR INTERVIEW.

IN ORDER TO PREVAIL ON THIS DEFENSE, YOU MUST FIND THAT THE DEFENDANT HAS ESTABLISHED THE FOLLOWING ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE:

(1) THE SEAMAN WAS REQUIRED TO SUBMIT TO A PRE-HIRING MEDICAL EXAMINATION OR INTERVIEW;

(2) THE SEAMAN INTENTIONALLY MISREPRESENTED OR CONCEALED MEDICAL FACTS DURING THE PRE-EMPLOYMENT MEDICAL EXAMINATION OR INTERVIEW PROCESS. ANY MISREPRESENTATION OR CONCEALMENT MUST HAVE BEEN INTENTIONAL AND NOT BY MISTAKE OR ACCIDENT.[19]

---

[18] *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).
[19] *McCorpen*, 396 F.2d at 548.

(3) THE MEDICAL FACT THAT WAS MISREPRESENTED OR CONCEALED MUST HAVE BEEN MATERIAL. THIS MEANS THAT THE MEDICAL FACTS MUST HAVE BEEN OF SUCH A NATURE THAT KNOWLEDGE OF IT WOULD AFFECT A PERSON'S DECISION-MAKING PROCESS. IF THE DEFENDANT WOULD HAVE REQUIRED THE PLAINTIFF TO PASS A FUNCTIONAL CAPACITY EVALUATION BEFORE CLEARING HIM FOR EMPLOYMENT HAD THE DEFENDANT KNOWN ABOUT SUCH MEDICAL FACTS, YOU MAY FIND THE NON-DISCLOSED MEDICAL FACTS WERE MATERIAL TO THE DEFENDANT'S HIRING DECISION.[20]

(4) THE MEDICAL FACTS WHICH WERE NOT DISCLOSED MUST BE CAUSALLY LINKED TO THE **KNEE INJURY** WHICH THE SEAMAN ALLEGEDLY INCURRED WHILE IN THE SERVICE OF THE VESSEL.[21]

THERE IS NO REQUIREMENT THAT THE PLAINTIFF'S PRESENT ALLEGED **KNEE INJURY** BE IDENTICAL TO A PREVIOUS INJURY. ALL THAT IS REQUIRED IS A CAUSAL LINK BETWEEN THE PRE-EXISTING DISABILITY TO THE KNEE THAT WAS ALLEGEDLY CONCEALED, AND THE ALLEGED **KNEE INJURY** WHICH HE INCURRED IN THIS CASE.[22] WHERE A PLAINTIFF CLAIMS AN INJURY TO THE EXACT SAME AREA OF THE KNEE AS WAS PREVIOUSLY INJURED, THE CAUSAL CONNECTION IS CLEAR.[23]

IF YOU FIND THAT THE DEFENDANT HAS PROVEN ALL OF THESE PREVIOUSLY DESCRIBED ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE, YOU MUST NOT AWARD PLAINTIFF MAINTENANCE AND CURE FOR HIS ALLEGED **KNEE INJURY**.

---

[20] *Ramirez v. American Pollution Control Corp.*, 418 Fed. App'x 287, 291 (5th Cir. March 14, 2011).
[21] *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 301 (5th Cir. 2008); *Jauch v. Nautical Services, Inc.*, 470 F.3d 207, 212-13 (5th Cir. 2006); *Brown v. Parker Drilling*, 410 F.3d 166, 171-78 (5th Cir. 2005); *McCorpen*, 396 F.2d at 548.
[22] *Brown*, 410 F.3d at 176.
[23] *Brown*, 410 F.3d at 176.

**DAMAGES**

IF YOU FIND THAT THE DEFENDANT IS LIABLE, YOU MUST AWARD THE AMOUNT YOU FIND BY A PREPONDERANCE OF THE EVIDENCE IS FULL AND JUST COMPENSATION FOR ALL OF THE PLAINTIFF'S DAMAGES. COMPENSATORY DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AGAINST A PARTY. SUCH DAMAGES CANNOT BE BASED ON SPECULATION, FOR IT IS ONLY ACTUAL DAMAGES—WHAT THE LAW CALLS COMPENSATORY DAMAGES—THAT ARE RECOVERABLE. HOWEVER, COMPENSATORY DAMAGES ARE NOT RESTRICTED TO ACTUAL LOSS OF TIME OR MONEY; THEY INCLUDE BOTH THE MENTAL AND PHYSICAL ASPECTS OF INJURY, TANGIBLE AND INTANGIBLE. THEY ARE AN ATTEMPT TO MAKE THE PLAINTIFF WHOLE, OR TO RESTORE HIM TO THE POSITION HE WOULD HAVE BEEN IN IF THE ACCIDENT HAD NOT HAPPENED. YOU SHOULD NOT AWARD COMPENSATORY DAMAGES FOR SPECULATIVE INJURIES, BUT ONLY FOR THOSE INJURIES WHICH THE PLAINTIFF HAS ACTUALLY SUFFERED OR THAT THE PLAINTIFF IS REASONABLY LIKELY TO SUFFER IN THE FUTURE.

SOME OF THESE DAMAGES THAT YOU WILL BE ASKED TO CONSIDER, SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING, ARE INTANGIBLE THINGS ABOUT WHICH NO EVIDENCE OF VALUE IS REQUIRED. IN AWARDING THESE DAMAGES, YOU ARE NOT DETERMINING VALUE, BUT YOU SHOULD AWARD AN AMOUNT THAT WILL FAIRLY COMPENSATE THE PLAINTIFF FOR HIS INJURIES.

ANY AWARD YOU MAKE TO THE PLAINTIFF IS NOT SUBJECT TO INCOME TAX; NEITHER THE STATE NOR THE FEDERAL GOVERNMENT WILL TAX IT. THEREFORE, YOU SHOULD DETERMINE THE AMOUNT THAT PLAINTIFF IS ENTITLED TO RECEIVE WITHOUT CONSIDERING THE EFFECT OF TAXES UPON IT.[24] IF YOU DECIDE TO AWARD COMPENSATORY DAMAGES, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE. COMPUTING DAMAGES MAY BE DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE

[24] Fifth Circuit Pattern Jury Instructions (Civil Cases) §§ 4.8 and 15.2 (2009).

IN ARBITRARY GUESSWORK. ON THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT THE PLAINTIFF PROVE THE AMOUNT OF HIS LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS THE CIRCUMSTANCES PERMIT.[25]

YOU MUST USE SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU FIND THEM APPROPRIATE FROM THE FACTS AND CIRCUMSTANCES IN EVIDENCE.

WITH RESPECT TO PLAINTIFF'S JONES ACT AND UNSEAWORTHINESS CLAIMS, YOU SHOULD CONSIDER THE FOLLOWING ELEMENTS OF DAMAGE, TO THE EXTENT YOU FIND THEM PROVED BY A PREPONDERANCE OF THE EVIDENCE:

(1) LOSS OF PAST EARNINGS WITH RESPECT TO PLAINTIFF'S **KNEE INJURY**;

(2) LOSS OF FUTURE EARNINGS WITH RESPECT TO PLAINTIFF'S **KNEE INJURY**; AND,

(3) PAST AND FUTURE PHYSICAL PAIN AND SUFFERING AND EMOTIONAL AND MENTAL SUFFERING WITH RESPECT TO **BOTH INJURIES**.

[25] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 15.2 (2009).

**PAST LOSS OF EARNINGS**

YOU SHOULD CALCULATE THE PAST EARNINGS THAT PLAINTIFF LOST, IF ANY, WITH RESPECT TO THE **KNEE INJURY**.[26]

[26] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 15.7 (2009).

## FUTURE LOSS OF EARNINGS

IF YOU FIND THAT THE PLAINTIFF IS ENTITLED TO AN AWARD OF DAMAGES FOR LOSS OF FUTURE EARNINGS WITH RESPECT TO HIS **KNEE INJURY**, THERE ARE SEVERAL PARTICULAR FACTORS YOU MUST CONSIDER. FIRST, YOU SHOULD REDUCE ANY AWARD BY THE AMOUNT OF THE EXPENSES THAT THE PLAINTIFF WOULD HAVE INCURRED IN MAKING THOSE EARNINGS.[27]

SECOND, YOU SHOULD CONSIDER LOSS AFTER INCOME TAXES; THAT IS, YOU SHOULD DETERMINE THE ACTUAL OR NET INCOME THAT PLAINTIFF HAS LOST OR WILL LOSE, TAKING INTO CONSIDERATION THAT ANY PAST OR FUTURE EARNINGS WOULD BE SUBJECT TO INCOME TAXES. YOU MUST AWARD THE PLAINTIFF ONLY HIS NET EARNINGS AFTER TAX. THIS IS SO BECAUSE ANY AWARD YOU MAY MAKE HERE IS NOT SUBJECT TO INCOME TAX. THE FEDERAL OR STATE GOVERNMENT WILL NOT TAX ANY AMOUNT WHICH YOU AWARD ON THIS BASIS.

THIRD, AN AMOUNT TO COVER A FUTURE LOSS OF EARNINGS IS MORE VALUABLE TO THE PLAINTIFF IF HE RECEIVED THE AMOUNT TODAY THAN IF HE RECEIVED THE SAME AMOUNT IN THE FUTURE. THEREFORE, IF YOU DECIDE TO AWARD PLAINTIFF AN AMOUNT FOR LOST FUTURE EARNINGS, YOU MUST DISCOUNT IT TO PRESENT VALUE BY CONSIDERING WHAT RETURN WOULD BE REALIZED ON A RELATIVELY RISK FREE INVESTMENT.[28]

---

[27] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 15.3 (2009).
[28] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 4.12 (2009).

**PAST AND FUTURE PHYSICAL PAIN AND SUFFERING AND EMOTIONAL AND MENTAL SUFFERING**

YOU MAY AWARD DAMAGES FOR ANY BODILY INJURY THAT THE PLAINTIFF SUSTAINED AND ANY PAIN AND SUFFERING, DISABILITY, DISFIGUREMENT, MENTAL ANGUISH AND/OR LOSS OF CAPACITY FOR ENJOYMENT OF LIFE THAT THE PLAINTIFF EXPERIENCED IN THE PAST OR WILL EXPERIENCE IN THE FUTURE AS A RESULT OF THE BODILY INJURY. NO EVIDENCE OF THE VALUE OF INTANGIBLE THINGS, SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING, HAS BEEN OR NEED BE INTRODUCED. YOU ARE NOT TRYING TO DETERMINE VALUE, BUT AN AMOUNT THAT WILL FAIRLY COMPENSATE THE PLAINTIFF FOR THE DAMAGES HE HAS SUFFERED. THERE IS NO EXACT STANDARD FOR FIXING THE COMPENSATION TO BE AWARDED FOR THESE ELEMENTS OF DAMAGE. ANY AWARD THAT YOU MAKE SHOULD BE FAIR IN THE LIGHT OF THE EVIDENCE.[29]

YOU MUST NOT MAKE ANY ADJUSTMENT TO PRESENT VALUE FOR ANY DAMAGES YOU MAY AWARD FOR FUTURE PAIN AND SUFFERING OR FUTURE MENTAL AND EMOTIONAL ANGUISH.[30]

---

[29] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 15.4 (2009).
[30] Fifth Circuit Pattern Jury Instructions (Civil Cases) § 15.3 (2009).

## CAUTIONARY DAMAGES INSTRUCTION

I CHARGE YOU THAT THE STATEMENTS OF EITHER COUNSEL IN THIS CASE AS TO HIS ESTIMATE OF DOLLAR AMOUNTS TO BE AWARDED ARE NOT EVIDENCE, BUT THEY MAY BE CONSIDERED BY YOU IN ARRIVING AT THE PROPER AMOUNT OF DAMAGES. THERE IS NO MATHEMATICAL FORMULA FOR ARRIVING AT CERTAIN TYPES OF DAMAGES, SUCH AS PAIN AND SUFFERING.

THE MERE FACT THAT I HAVE GIVEN YOU INSTRUCTIONS ON THE LAW OF DAMAGES DOES NOT IN ANY WAY SUGGEST THAT I BELIEVE THAT ANY DAMAGES ARE DUE IN THIS CASE. WHETHER OR NOT ANY DAMAGES ARE DUE IS FOR YOU TO DECIDE.[31]

IF YOU FIND THAT THERE IS LIABILITY, AND THAT PLAINTIFF HAS A RIGHT TO RECOVER IN ACCORDANCE WITH THE FACTS, WHICH YOU HAVE ASCERTAINED FROM THE EVIDENCE, AND THE LAW, AS GIVEN IN THESE INSTRUCTIONS, THEN YOU MUST GET TO THE QUESTION OF DAMAGES. YOU WILL HAVE TO TRANSLATE THESE DAMAGES INTO DOLLARS AND CENTS.

[31] 18 H. Alston Johnson, III, *Louisiana Civil Law Treatise: Civil Jury Instructions*, § 18.01 (2d ed. 2001).

**PROHIBITED COMMUNICATIONS**

YOU MUST NOT COMMUNICATE WITH OR PROVIDE ANY INFORMATION TO ANYONE BY ANY MEANS ABOUT THIS CASE. YOU MAY NOT USE ANY ELECTRONIC DEVICE OR MEDIA, SUCH AS A TELEPHONE, CELL PHONE, SMART PHONE, IPHONE, BLACKBERRY OR COMPUTER; THE INTERNET, ANY INTERNET SERVICE, OR ANY TEXT OR INSTANT MESSAGING SERVICE; OR ANY INTERNET CHAT ROOM, BLOG, OR WEBSITE SUCH AS FACEBOOK, MYSPACE, LINKEDIN, YOUTUBE OR TWITTER, TO COMMUNICATE TO ANYONE ANY INFORMATION ABOUT THIS CASE OR TO CONDUCT ANY RESEARCH ABOUT THIS CASE UNTIL I ACCEPT YOUR VERDICT.

**DUTY TO DELIBERATE**

IT IS YOUR DUTY, AS JURORS, TO CONSULT WITH ONE ANOTHER, AND TO DELIBERATE WITH A VIEW TO REACHING AN AGREEMENT, IF YOU CAN DO SO WITHOUT VIOLENCE TO INDIVIDUAL JUDGMENT. YOU MUST EACH DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS. IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEW, AND CHANGE YOUR OPINION, IF CONVINCED IT IS ERRONEOUS. BUT DO NOT SURRENDER YOUR HONEST CONVICTION AS TO THE WEIGHT OF THE EVIDENCE OR THE EFFECT OF THE EVIDENCE SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES THAT YOU ARE NOT PARTISANS. YOU ARE JUDGES – JUDGES OF THE FACTS. YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

UPON RETIRING TO THE JURY ROOM, YOU WILL SELECT ONE OF YOUR NUMBER AS YOUR FOREPERSON. THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATION, AND WILL BE YOUR SPOKESPERSON HERE IN COURT. A SPECIAL VERDICT FORM HAS BEEN PREPARED FOR YOUR CONVENIENCE. YOU WILL TAKE THIS FORM TO THE JURY ROOM.

YOU WILL NOTE THAT THE FORM CONTAINS SEVERAL INTERROGATORIES OR QUESTIONS. THE ANSWER TO EACH QUESTION MUST BE THE UNANIMOUS ANSWER OF THE JURY. AT THE CONCLUSION OF YOUR DELIBERATIONS, THE FOREPERSON SHOULD DATE AND SIGN THE VERDICT FORM.

IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS TO COMMUNICATE WITH THE COURT, YOU MAY SEND A NOTE TO THE MARSHAL, SIGNED BY THE FOREPERSON, OR BY ONE OR MORE MEMBERS OF THE JURY. NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH THE COURT BY ANY MEANS OTHER THAN A SIGNED WRITING, AND THE COURT WILL NEVER COMMUNICATE WITH ANY MEMBER OF THE JURY ON ANY SUBJECT

TOUCHING ON THE MERITS OF THE CASE OTHER THAN IN WRITING, OR ORALLY HERE IN OPEN COURT.

BEAR IN MIND THAT YOU ARE NEVER TO REVEAL TO ANY PERSON – NOT EVEN TO THE COURT – HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON THE QUESTIONS BEFORE YOU, UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANILO PERALTA | CIVIL ACTION |
| VERSUS | NO. 10-4322 |
| EPIC DIVING & MARINE SERVICES, LLC | SECTION: I |

CERTIFICATION OF TRIAL EXHIBITS

Undersigned counsel have reviewed all of the exhibits in the possession of the Court and certify that these comprise all of the exhibits admitted into evidence by the Court during the course of the trial. Said exhibits, excluding any proffers, will be sent to the jury for use in their deliberations.

New Orleans, Louisiana, this 6th day of June, 2012.

Counsel for the plaintiff

Counsel for the defendant