UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANILO PERALTA                                          CIVIL ACTION

VERSUS                                                  No. 10-4322

EPIC DIVING AND MARINE                                  SECTION "I"
SERVICES, L.L.C.

## ORDER AND REASONS

Before the Court is a motion[1] for a new trial filed by plaintiff, Danilo Peralta ("Peralta"), pursuant to Rule 59(a) of the Federal Rules of Civil Procedure. Defendant, Epic Diving and Marine Services, L.L.C. ("Epic Diving"), opposes[2] the motion. For the following reasons, the motion is **GRANTED** in part and **DENIED** in part.

### *BACKGROUND*

Peralta was employed by Epic Diving as a Jones Act seaman aboard the M/V EXPLORER. During his employment with Epic Diving, Peralta was involved in two separate work-related incidents during which he injured his elbow and his knee. Thereafter, he initiated the above-captioned matter by filing a complaint with this Court on November 15, 2010, in which he claimed that Epic Diving's negligence and the unseaworthy condition of the M/V EXPLORER caused his injuries.[3] Peralta also maintained that, as to his knee injury, Epic Diving

---

[1] R. Doc. No. 84.

[2] R. Doc. No. 85.

[3] R. Doc. No. 1.

1

had a duty to provide him with maintenance and cure benefits from the date of his injury until he reached maximum medical improvement.[4]

The above-captioned matter proceeded to trial before a jury with respect to liability and damages on June 5-6, 2012. The jury found no liability on the part of Epic Diving with respect to Peralta's alleged knee injury, and rejected Peralta's claim for maintenance and cure benefits.[5] With respect to Peralta's elbow injury, the jury found that Epic Diving was negligent under the Jones Act and that its negligence was the legal cause of Peralta's elbow injury.[6] The jury also found that the M/V EXPLORER was unseaworthy and that the vessel's unseaworthiness was the proximate cause of Peralta's elbow injury.[7]

Pursuant to a stipulation by the parties, Peralta was awarded $1,314.35 in past lost wages for the work he missed as a result of his elbow injury.[8] However, the jury awarded Peralta "$0" for past and future physical pain and suffering and emotional and mental suffering caused by his elbow injury.[9] Peralta has moved for a new trial on all issues.[10]

## *LAW AND ANALYSIS*

Pursuant to Federal Rule of Civil Procedure 59(a)(1)(A), a "court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." "The decision to grant or deny

---

[4] R. Doc. No. 1, ¶ VIII.

[5] R. Doc. No. 78-2, pp. 4 and 7.

[6] R. Doc. No. 78-2, pp. 1-2. The jury did not find that Peralta's elbow injury was caused by any negligence on his part. *Id.*, p. 2.

[7] *Id.*, p. 2.

[8] R. Doc. No. 81. As a result of the parties' stipulation to the amount of lost wages Peralta incurred as a result of his elbow injury, that issue was not submitted to the jury. R. Doc. No. 85, pp. 4-5.

[9] R. Doc. No. 78-2, p. 3.

[10] R. Doc. No. 84.

a motion for a new trial is within the sound discretion of the trial court." *McFadden v. Wal-Mart Stores,* 2006 WL 3087164, at *2 (E.D. La. 2006) (Vance, J.) (citing *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998)).  While Rule 59(a) does not enumerate the specific grounds that warrant a new trial, "a district court may grant a new trial if the court finds that the verdict is against the weight of the evidence, the damages awarded are excessive or inadequate, the trial was unfair, or prejudicial error was committed in its course."  *Id.* (citing *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985)); *see also Lucas v. Am. Mfg. Co.,* 630 F.2d 291, 293 (5th Cir. 1980) ("Federal trial courts may, in their discretion, set aside a jury verdict and order a new trial if the amount of the verdict is excessive or inadequate.").  "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial."  *Huey v. Super Fresh/Sav-A-Center, Inc.*, 2009 WL 3834334, at *1 (E.D. La. 2009) (Africk, J.) (quoting *Del Rio Distributing, Inc. v. Adolph Coors Co.*, 589 F.2d 176, 179 n. 3 (5th Cir. 1979)).

    A.    **Peralta's Elbow Injury**

Peralta argues that the jury's award of "$0" for pain and suffering was inadequate given its finding of liability and the stipulated award of lost wages.[11]  Accordingly, plaintiff argues that

---

[11] R. Doc. No. 84-1, pp. 3-4.  Peralta also argues that the jury's verdict of "$0" for pain and suffering was inconsistent with it finding of liability and the award of special damages.  When a jury's award of no general damages is inconsistent with other aspects of the jury's verdict, a court may set aside the award of no general damages and order a new trial.  *Davis*, 608 F.2d at 622-23; *Lucas,* 630 F.2d at 293; *Brunet v. Clear Keys Towing, Inc.,* 1997 WL 240750, at *2 (E.D. La. 1997); *Denoux v. Dann Marine Towing, L.C.,* 1998 WL 426218, at * 1 (E.D. La. 1998).  However, the court is "'required under the Seventh Amendment to make a concerted effort to reconcile apparent inconsistencies in answers to special verdicts if at all possible,'" *Jiminez v. Paw-Paw's Camper City, Inc.*, 2002 WL 257691, at *8 (E.D. La. 2002) (Africk, J.) (quoting *Ellis v. Weasler Eng'g Inc.,* 258 F.3d 326, 343 (5th Cir. 2001)).  The Court finds that the verdict in this case is not "inconsistent" in the classical sense because the jury itself did not render an inconsistent verdict.  While the jury found Epic Diving liable for Peralta's elbow injury, as stated,

he is entitled to a new trial on the issue of damages with respect to his elbow injury.  Epic Diving contends that the Court should deny Peralta's motion because the jury could have reasonably found from the evidence presented at trial that any pain or suffering Peralta incurred was too minor or too brief to be compensable.[12]

A new trial on the issue of damages once liability has been definitively established is proper.[13]  *Pagan v. Shoney's*, *Inc.*, 931 F.2d 334, 337 (5th Cir. 1991); *Davis v. Becker & Assoc., Inc.*, 608 F.2d 621, 622 (5th Cir. 1979); *Berberich v. Patterson Serv., Inc.*, 2007 WL 2088556, at *2 (W.D. La. 2007).  "A federal court may in its discretion set aside a jury verdict and order a new trial if the amount of the verdict is excessive or inadequate."  *Pagan*, 931 F.2d at 336 (quoting *Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982, 986 (5th Cir. 1989)).  "A motion for new trial on such evidentiary grounds 'should not be granted unless the verdict is against the great [weight], not merely the preponderance, of the evidence.'"  *Id.*  A district court may not properly grant a new trial if the jury's verdict is "*clearly within* the universe of possible awards which are supported by the evidence."  *Brun-Jacobo v. Pan. Am. World Airways, Inc.*, 847 F.2d 242, 246 (5th Cir. 1988) (quoting *Bonura v. Sea Land Service, Inc.,* 505 F.2d 665, 670 (5th Cir. 1974)) (emphasis in original).  However, "[i]f the verdict is contrary to the great weight of the evidence, a new trial is necessary to prevent a miscarriage of justice."  *Berberich*, 2007 WL 2088556, at *2

---

the award of special damages was rendered pursuant to a stipulation between the parties of which the jury had no knowledge.

[12] R. Doc. No. 85, pp. 3-5 (citing *Arceneaux v. Hooks, Inc.*, 15 F.3d 1079, at *5 (5th Cir. 1994)).

[13] A new trial with respect to only part of the issues is inappropriate unless "the issue to be retried is so distinct and separate from the others that a trial of it alone may be had without injustice."  *Lucas,* 630 F.2d at 294.  The Court finds that Peralta's pain and suffering is sufficiently distinct from Epic Diving's liability such that no injustice will occur from a new trial with respect to general damages only.  Epic Diving has not argued otherwise.

(citing *United States use of Weyerhaeuser Co. v. Bucon Const. Co.*, 430 F.2d 420, 423 (5th Cir. 1970)).

In the present case, the jury found Epic Diving liable for Peralta's elbow injury.[14] Peralta underwent surgery for his elbow injury , a process that necessarily entailed pain and suffering, and he provided testimony regarding the pain and suffering he experienced.[15] Following surgery, Peralta was unable to work, and he was awarded lost wages for the missed days pursuant to a stipulation between the parties.[16]

The Court finds no evidentiary basis for the jury's award of "$0" for pain and suffering.[17] "Once the jury found the defendant liable for [Peralta's] injuries, [Peralta] was entitled to

---

[14] R. Doc. No. 78-2, pp. 1-2.

[15] *See* R. Doc. No. 87, pp. 11, 14, 16, 23-26, 28, 74.

[16] R. Doc. No. 81.  Defense counsel argued that plaintiff suffered no permanent impairment to his elbow, but that plaintiff does have some inflammation, plaintiff's elbow was excised, and that plaintiff "basically" returned to work after three months.  *See* R. Doc. No. 86, p. 3.

[17] Peralta also suggests that the jury's award of "$0" "may be" evidence of a "compromise verdict" which warrants "a new trial on both the issues of liability and damages." R. Doc. No. 84-1, p. 4; *Lucas*, 630 F.2d at 294. "A compromise verdict occurs when a jury which is unable to agree on liability compromises that disagreement and awards inadequate damages." *Rogers v. McDorman*, 521 F.3d 381, 396-97 (5th Cir. 2008) (quoting *Pagan*, 931 F.2d at 339). In determining whether the jury's verdict was the result of a compromise, the Court examines the "totality of the circumstances and considers any indicia of compromise apparent from the record as well as other factors that may have caused the jury to reach an [sic] verdict for inadequate damages if the jury actually found liability." *Brunet*, 1997 WL 240750 at *1.

A "nominal or inadequate finding of damages alone does not automatically mandate the conclusion that a compromise verdict produced the award." *Pagan,* 931 F.2d at 339. "An award of only nominal damages coupled with either a disregard for uncontested and obvious damages or an award of only out-of-pocket expenses raises the suspicion of a compromise verdict, but is not dispositive of the issue." *Arceneaux*, 15 F.3d at *2 (citing *Pagan*, 931 F.2d at 339). Other factors courts consider in determining whether the jury reached a compromise verdict "include whether the issue of liability was strongly contested, whether the damages awarded were grossly inadequate, whether the jury was confused concerning contributory negligence, and how long the jury deliberated." *Id.*

Peralta does not point to any factor, other than the jury's inconsistent verdict, that would suggest a compromise verdict. In his closing argument, defense counsel did not argue that defendant was not liable for the elbow injury. Further, the jury reached its verdict after approximately two and a half hours of deliberation, a reasonable period after a two day trial. R. Doc. No. 78; *see also*, *Arceneaux*, 15 F.3d at *3 (finding that three hours of deliberation after a three-day trial was a reasonable period and did not suggest a compromise verdict). It did not ask any questions during deliberations, and there is no evidence that it was confused as to contributory negligence. *Id.* Accordingly, the Court does not find that the jury's award of "$0" in general damages in this case was the result of a compromise verdict such that a new trial on all issues is warranted.

compensation." *Lucas*, 630 F.2d at 293. Accordingly, a new trial is warranted on the issue of general damages for Peralta's elbow injury.[18]

Epic Diving's reliance on *Arceneaux v. Hooks*, 15 F.3d 10791 1994 WL 35642 (5th Cir. 1994), is misplaced. The plaintiff in that case was working aboard a vessel when he died of a heart attack approximately one half-hour after being involved in an altercation with another employee. *Id.* at *1. The jury found that the defendant was negligent, that its negligence caused the plaintiff's death, and that the plaintiff experienced pain and suffering prior to his death; however, the jury did not award any damages for the plaintiff's pain and suffering. *Id.* at *1. The court found that the jury's award was supported by the evidence as there was no testimony from any medical expert concerning the intensity or length of pain and suffering associated with the plaintiff's heart attack. *Id.* at *5. Further, the employee involved in the altercation with the plaintiff, testified that he only struck him once. The coroner, who examined plaintiff after he died, only found a few small scrapes on his forehead and cheek. *Id.* The court, therefore, found that the jury could have concluded that the pain and suffering the plaintiff experienced from the altercation was too minor, and that the pain and suffering from his heart attack was too brief to be compensable. *Id.*

Unlike the plaintiff in *Arceneaux*, Peralta's injury required surgery and multiple days of pre and post-operative recovery, which according to defense counsel, lasted three months.[19] Epic

---

[18] When a court determines that a new trial with respect to the issue of damages is warranted, questions of both general and special damages should generally be submitted to the jury, and the jury should be instructed that if it awards no general damages, it may not award any special damages. *Pagan*, 931 F.2d at 337-38. Here, however, the parties stipulated to the special damages (the past lost wages) that Peralta sustained as a result of his elbow injury, and neither party has requested a new trial with respect to special damages. Therefore, only the question of general damages will be submitted to the jury on retrial.

Diving has not cited to any cases upholding a jury's award of "$0" for pain and suffering when the plaintiff underwent surgery as a result of an injury for which the jury found the defendant liable.

### B. Peralta's Knee Injury

Peralta asserts that the jury's finding of no liability with respect to his knee injury was against the "great weight of the evidence."[20] As previously stated, "[a] motion for a new trial requested on such evidentiary grounds 'should not be granted unless the verdict is against the great [weight], not merely the preponderance, of the evidence.'" *Pagan*, 931 F.2d at 336 (citing *Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982, 986 (5th Cir. 1989)). Peralta argues that his motion meets this standard because he offered "uncontroverted testimony" by marine safety expert Don Green ("Green") that Epic Diving was negligent, that its vessel was unseaworthy, and that these conditions resulted in the injuries Peralta sustained.[21]

However, it is well-established that the jury was free to accept or reject Green's testimony. *See Pipitone v. Biomatrix, Inc.,* 288 F.3d 239, 250 (5th Cir. 2002) (holding that the jury was entitled to hear expert testimony and decide whether to accept or reject it after considering whether predicate facts on which the expert relied were accurate); *Grenada Steel Industries, Inc. v. Al. Oxygen Co.*, 695 F.2d 883, 889 (5th Cir. 1983) (noting that the jury is free to accept or reject expert testimony); *Arceneaux*, 15 F.3d at *3 (finding that "the jury need not defer to the experts."). Further, Green's testimony was not uncontroverted as Peralta suggests.

---

[19] Exhibit 7, introduced at trial, indicates months of medical treatment punctuated by continued complaints of pain, swelling, tenderness, and prescription medication. The medical records noted the severity and chronicity of plaintiff's elbow complaints. The Court also notes that following plaintiff's elbow surgery, staples were removed.

[20] R. Doc. No. 84-1, pp. 5-6.

[21] R. Doc. No. 84-1, p. 6.

Epic Diving presented evidence that Peralta's knee injury was causally linked to a knee injury that Peralta suffered in 2001 prior to his employment with Epic Diving, and the jury interrogatories demonstrate that the jury accepted this evidence.[22] Accordingly, a new trial with respect to Epic Diving's liability for Peralta's knee injury is not warranted.

## *CONCLUSION*

For the foregoing reasons,

**IT IS ORDERED** that Peralta's motion for new trial is **GRANTED** with respect to general damages for Peralta's elbow injury and **DENIED** with respect to all other issues.

**IT IS FURTHER ORDERED** that a status conference will be held at **9:00 A.M** on **September 28, 2012**, in the undersigned's chambers to discuss the scheduling of a new trial date.

New Orleans, Louisiana, September  4 , 2012.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[22] R. Doc. No. 78-2, p. 7.